UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   MAY 1 7 2007
```

UNITED STATES OF AMERICA,

        -v.-

        No. 01 Cr. 00058 (LTS)

JOSEPH AMATO,

        Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

        In motion papers dated April 10, 2007, Defendant moves for release pending appeal pursuant to 18 U.S.C. §§ 3143(b) and 3145(c).  The Court has reviewed thoroughly all of the parties' submissions and, for the following reasons and for substantially the reasons articulated in the Government's opposition brief and the undersigned's November 3, 2006, Memorandum Order relating to Defendant's Rule 33 motion, denies Defendant's motion in its entirety.

        Defendant moves for release pending his appeal on the grounds that there are substantial appellate issues relating to his fraud convictions that warrant his release.  Under the relevant statutory provisions, "a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds . . . that the appeal . . . raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than

AmatoBailApp     version 5/17/07

1

the total of the time already served plus the expected duration of the appeal process." 18

U.S.C.A. § 3143(b)(1) (West 2000).[1]  Under Second Circuit law, "a substantial question is 'one

of more substance than would be necessary to a finding that it was not frivolous.  It is a 'close'

question or one that very well could be decided the other way.'" United States v. Randell, 761

F.2d 122, 125 (2d Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir.

1985)).  If the Court finds that there is a substantial issue on appeal, the Court must then consider

"whether that question is 'so integral to the merits of the conviction on which defendant is to be

imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a

new trial.'"  Randell, 761 F.2d at 125 (quoting United States v. Miller, 753 F.2d 19, 23 (3d Cir.

1985)).  The defendant bears the burden of showing that such a substantial question exists.

Randell, 761 F.2d at 125.

Here, Defendant argues that the appeal will raise substantial questions likely to

result in reversal or an order for a new trial based on the following: (1) newly discovered post-

trail statements made by Lawrence Close, a Government witness at the first trial, which will

undermine the Government's theory of Mr. Amato's participation in the charged fraud; (2) the

Government's alleged concealment of impeachment material relating to Government witness

Raymond Manupelli, which will undermine the guilty verdict against Mr. Amato; and (3) the

---

[1]     Before a defendant can be released pending appeal, the judicial officer must also
find that the defendant is not a flight risk nor a danger to the community. See 18
U.S.C. § 3143(b)(1)(A).  The Court need not address these issues as the Court
finds that Defendant has not satisfied his burden of demonstrating that the appeal
will raise a substantial question of law or fact that will result in reversal or a new
trial.  The Court also need not discuss specifically the sentencing-related prongs of
§ 3143(b)(2), as counsel has not argued those issues in connection with the points
of alleged error, and the Court finds such outcomes unlikely for substantially the
reasons articulated herein.

failure of the Court to grant Mr. Amato a severance from his co-defendants, which exposed the jury to a substantial amount of fraudulent conduct to which he was not connected.

Defendant has not met his burden of showing that the post-trial statements of Mr. Close raise a substantial question for appeal. As indicated in the November 2006 Memorandum Order and detailed in the Government's opposition brief, Mr. Close's post-trial statements do not conflict with the theory of the Government's case against Mr. Amato. The Government's theory was that the charged fraud, rather than commencing after a meeting in November 1996, commenced much earlier, possibly as early as July 1996. The fact that Mr. Close' post trial-statements indicate that he was involved in stealing a check several months in advance of the November 1996 meeting does not undermine the Government's theory at trial, and is, in fact, consistent with it. For substantially the same reasons (consistency with the Government's case), even if the jury should have heard these statements, an appellate determination in Defendant's favor on this issue is not likely to result in reversal or require a new trial.

Defendant has also failed to meet his burden of showing that Mr. Manupelli's alleged impeachment statement raises a substantial question for appeal. As indicated in the November 2006 Memorandum Order and as detailed in the Government's opposition brief, Mr. Manupelli's alleged impeachment statement concerning his lack of knowledge of the preparation of the September 1996 invoice was not substantially different from the Government's representation as to this issue at trial. Morever, the existence of such a statement would simply go to Mr. Manupelli's credibility, rather than to overall confidence in the outcome of the trial. For substantially the same reasons (consistency with the Government's case and impact on credibility only), even if the jury should have heard this alleged impeachment statement, an appellate determination in Defendant's favor on this issue is not likely to result in reversal or a

AmatoBailApp      version 5/17/07                                                                                    3

require a new trial.

Finally, the Court finds that Defendant has not met his burden of showing that the severance argument raises a substantial question of law for appeal. For substantially the reasons articulated in its June 18, 2002, Opinion and Order, the Court finds that the severance issue is not a close question of law that could very well be decided the other way. Even assuming, however, that the severance motion should have been decided in Defendant's favor, the Court finds that Defendant has not satisfied his burden of showing that an appellate ruling in his favor will likely result in reversal or a new trial. As detailed by the Government in its opposition brief, to obtain such a result on appeal, Mr. Amato would have to establish that a miscarriage of justice has occurred as a result of the denial of Defendant's motion for severance. See United States v. Nersesian, 824 F.2d 1294, 1303 (2d Cir. 1987). Based on the evidence presented at trial, and the relatively similar levels of culpability of Mr. Amato and his co-defendant Mr. Fasciana, the Court does not find it likely that an appellate court would determine that Mr. Amato was so severely prejudiced by the denial of his severance motion as to constitute a miscarriage of justice.

Having considered carefully the entire trial record, the Court concludes that none of Mr. Amato's issues for appeal, alone or in combination, raises substantial questions of law or fact. The Court further concludes that rulings in Defendant's favor on these issues would be unlikely to result in reversal or a new trial. Accordingly, the Court denies Defendant Joseph Amato's motion for bail pending appeal.

SO ORDERED.

Dated: New York, New York
       May 17, 2007

LAURA TAYLOR SWAIN
United States District Judge

AmatoBailApp       version 5/17/07                                                                      4