UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        -against-

JOSEPH AMATO,

                Defendant.

01-CR-0058-LTS

### ORDER

The Court is in receipt of Mr. Joseph Amato's correspondence dated November 5, 2024, regarding the final decision from the U.S. Attorney's Office Financial Litigation Program ("FLU") to place Mr. Amato's restitution obligation in the Treasury Offset Program ("TOP"). Mr. Amato requests review of the FLU's decision and, in the alternative, asks the Court to terminate the remaining four years of his restitution obligation. (Docket entry no. 288; see also docket entry nos. 285, 287.) The Court's restitution order, reflected in the amended judgment entered against Mr. Amato on May 22, 2007, fixed Mr. Amato's restitution obligation at $12,799,795.00; $300 of which was due immediately, with the remaining sum to be paid through the following payment schedule:

> Defendant to pay 10% of his monthly income from any and all sources. Thus the 10% is to be calculated based upon gross earned income, as well as 10% of all withdrawals or other realized income from savings or investments, as directed by the Probation Department, to commence within 30 days after entry onto supervised release. The collection of any amounts remaining after the conclusion of the supervised release period will be handled through the office of the United States Attorney.

Mr. Amato's letters indicate that his placement in TOP has allowed the government to keep the entirety of Mr. Amato's federal tax refund, as well as 15% of his social security payments since January 2024. (Docket entry no. 285.) On July 17, 2024, the United States agreed to reduce the rate of withholding from 15% to 10% of Mr. Amato's social security benefits. (Docket entry no.

288.) As noted above, Mr. Amato requests removal from the TOP program and/or relief from the remaining four years of his restitution payment obligation.

The Court has jurisdiction to adjust the method and manner of payment of a restitution order following a "material change in the Defendant's economic circumstances." 18 U.S.C.A. § 3664(k) (Westlaw through P.L. 118-106). The Court also retains the authority to review administrative action that "threatens to thwart the proper execution of the collection of restitution ordered by [the] district court criminal sentence." United States v. Hughes, 813 F.3d 1007, 1010 (D.C. Cir. 2016).

The Court hereby directs the Government to file a statement, **by December 6, 2024,** as to the legal basis upon which the Department placed Mr. Amato's debt in the Treasury Offset Program and the consistency of the collections made through that program with the Court's restitution order, so that the Court may determine what, if any, further action is appropriate. The Court further orders that the Government notify the victim in the above-captioned case of Mr. Amato's request and this order.

SO ORDERED.

Dated: New York, New York
November 19, 2024

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge

Copy Mailed To:

Joseph S. Amato
29-4 Tamaron Drive
Waldwick, NJ 07463