UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH AMATO,

                Defendant.

01-CR-0058-LTS

ORDER

In November 2024, Joseph Amato notified the Court of the final administrative decision of the U.S. Attorney's Office Financial Litigation Program ("FLU") to maintain his restitution debt in the Treasury Offset Program ("TOP") and to continue garnishing 10% of Mr. Amato's social security payments and withholding the entirety of his federal and state tax refunds. (Docket entry no. 288; see also docket entry no. 287.) Mr. Amato asks the Court to review that administrative determination or, in the alternative, to remit the final four years of his restitution obligation. (Docket entry no. 288.) The Court is in receipt of the Government's December 30, 2024 letter, asserting that Mr. Amato's debt was appropriately placed on TOP because Mr. Amato has paid less than $122,000 of the $12.8 million, restitution judgment and that the Court lacks authority to remit the final years of Mr. Amato's restitution obligation. (Docket entry no. 293.)

The Court finds that it lacks the authority to remit Mr. Amato's restitution obligation, and Mr. Amato's request is therefore denied to the extent he seeks to be freed from the obligation to continue making payments over the next four years. See United States v. Kyles, 601 F.3d 78, 93 (2d Cir. 2010); United States v. Lallemand, 207 F. App'x 665 (7th Cir. 2006). The Court does, however, have jurisdiction to adjust the method and manner of payment of a restitution order following a "material change in the Defendant's economic circumstances." 18

U.S.C.A. § 3664(k) (Westlaw through P.L. 118-106).  The Court also retains the authority to review administrative action that "threatens to thwart the proper execution of the collection of restitution ordered by [the] district court criminal sentence." United States v. Hughes, 813 F.3d 1007, 1010 (D.C. Cir. 2016).

The Court's restitution order, reflected in the amended judgment entered against Mr. Amato on May 22, 2007, fixed Mr. Amato's restitution obligation at $12,799,795.00.  Three hundred dollars of that amount was payable immediately, with the remaining sum to be paid according to the following schedule:

> Defendant to pay 10% of his monthly income from any and all sources. Thus the 10% is to be calculated based upon gross earned income, as well as 10% of all withdrawals or other realized income from savings or investments, as directed by the Probation Department, to commence within 30 days after entry onto supervised release.  The collection of any amounts remaining after the conclusion of the supervised release period will be handled through the office of the United States Attorney.

(Docket entry no. 242.)

The Court finds that the current 10% withholding of Mr. Amato's social security benefits is consistent with the terms of the restitution judgment.  It remains unclear, however, whether the Government's withholding of the additional 5% of Mr. Amato's benefits from January 2024 to July 22, 2024, as well as the withholding of the entirety of his federal and state tax returns, was authorized under the terms of the amended judgment.

"Congress has subjected to offset all 'funds payable by the United States,' 31 U.S.C. § 3701(a)(1), to an individual who owes certain delinquent federal debts." Astrue v. Ratliff, 560 U.S. 586, 589 (2010) (emphasis added); see also United States v. Taylor, No. CR 06-658-03, 2021 WL 3051901, at *5, n. 10 (E.D. Pa. July 20, 2021) (describing the circumstances in which courts find a restitution debt to be "delinquent" despite a set schedule of payments)

(collecting cases). The cases the Government cites for the proposition that it has the authority to invoke Offset rely on facts distinguishable from those here; in the cases cited by the Government, the defendants' restitution obligations had been ordered to be due immediately (rendering the restitution debt immediately delinquent if not paid in full) or the defendant had missed a scheduled payment. See Greene v. United States, 124 Fed. Cl. 636, 644 (2015) ("[T]he judgment imposing the fine provided that it was 'due in full immediately,' and that if it was not paid immediately, it was 'payable on a schedule' described therein. . . . Thus, the establishment of a payment schedule does not preclude the government from [referring the] debt to the TOP for offset."); Stacy v. United States, 70 F.4th 369, 375-76 (7th Cir. 2023) ("[T]he court ordered that [defendant's] restitution was to be made in a 'lump sum payment . . . due immediately.' . . . Given that language, [defendant's] restitution was due in full on the date his sentence was imposed. [He] has not satisfied the entire amount, so it is delinquent."); United States v O'Brien, 851 F. App'x 236, 240 (2d Cir. 2021) ("[T]he judgment stated that O'Brien must pay '*at least*' $500 per month. Therefore, neither the payment plan nor any other part of the criminal judgment indefinitely limited the government's collection efforts on this substantial restitution order[.]").

Mr. Amato's debt was not ordered to be paid immediately. Furthermore, it is not clear from the Government's submission whether Mr. Amato has failed to comply with the schedule of payments set forth in the May 2007 judgment. Therefore, the Government is hereby directed to provide the factual basis for its assertion that Mr. Amato has defaulted on his restitution payments such that his debt may be considered "delinquent" for the purposes of invoking TOP. The Government is directed to file a status report as to its efforts to substantiate these assertions **within sixty (60) days** of this Order.

SO ORDERED.

Dated: New York, New York
January 14, 2025

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy Mailed To:

Joseph S. Amato
29-4 Tamaron Drive
Waldwick, NJ 07463