UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH AMATO,

Defendant.

01-CR-0058-LTS

<u>ORDER</u>

On November 12, 2024, Joseph Amato notified the Court of the final

administrative decision of the U.S. Attorney's Office Financial Litigation Program ("FLU") to

maintain his restitution debt in the Treasury Offset Program ("TOP") and to continue garnishing

10% of Mr. Amato's social security payments and withholding the entirety of his federal and

state tax refunds.  (Docket entry no. 288; <u>see</u> <u>also</u> docket entry no. 287.)  Mr. Amato requested

that the Court order the FLU to remove Mr. Amato from TOP or, in the alternative, remit the

final four years of his restitution obligation.  (Docket entry no. 288.)  On January 14, 2025, the

Court ordered the Government to provide a status report outlining the factual basis for its

assertion that Mr. Amato was properly placed into TOP because he had defaulted on his

restitution payment schedule such that his debt was "delinquent" for the purposes of invoking

TOP.  (Docket entry no. 294.)  On March 7, 2025, the Court received the Government's status

report providing evidence, <u>inter</u> <u>alia</u>, that Mr. Amato failed to comply with the terms of the

payment schedule set forth in the Court's May 18, 2007 Amended Judgment, including by failing

to pay 10% of his net monthly income for, at least, the months of October 2023, November 2023,

and December 2023.  (<u>Id.</u>)  The Court received further communication from Mr. Amato, seeking

favorable resolution of his November request, on March 27, 2025.

On the basis of the Government's factual proffer, the Court is satisfied that Mr. Amato's restitution debt was delinquent for purposes of his placement in TOP. Mr. Amato's November 12, 2024 request that the Court direct the FLU to remove Mr. Amato from TOP is hereby denied.

Mr. Amato's request in the alternative that the Court remit the final years of his restitution obligation is also denied because the Court lacks the authority to remit Amato's full restitution obligation to the victim of his crime under the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A, 3664, see also United States v. Singh, 836 F. App'x 331, 33 (5th Cir. 2021) ("[T]he MVRA permits 'a downward adjustment to a restitution order' only by way of a motion made pursuant to Rule 35 of the Federal Rules of Criminal Procedure or after a successful direct appeal."); United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010) ("It is well-established that a district court may not alter an imposed sentence [including a restitution obligation], except in narrow circumstances[.]"). None of the circumstances in which ameliorative modification of a restitution order may occur is presented here. This resolves docket entry no. 288.

SO ORDERED.

Dated: New York, New York
        March 28, 2025

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

Copy Mailed To:

Joseph S. Amato
29-4 Tamaron Drive
Waldwick, NJ 07463