UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

JOSEPH AMATO,

                Defendant.

01-CR-0058-3-LTS

ORDER

The Court is in receipt of Mr. Amato's letter dated August 12, 2025, a copy of which (redacted to protect sensitive medical and personal identifying information) has been filed at docket entry no. 301. Mr. Amato again (1) contests the U.S. Attorney's Office Financial Litigation Unit's ("FLU") placement of his restitution debt in the Treasury Offset Program ("TOP"); (2) argues that inclusion of disbursements from Social Security and his individual retirement accounts ("IRAs") in the Government's calculation of his monthly payment owed rewrites the plan ordered by the Court; and (3) requests clarification of the Government's position that his 20-year restitution debt will end on May 11, 2029, arguing that the correct calculation would have his restitution obligation end in "May of 2028." (Docket entry no. 301 ("August 2025 Letter").) These are all arguments that Mr. Amato previously raised earlier this year (docket entry no. 298 ("May 2026 Letter")), and to which both the Court, (docket entry no. 299), and the Government, (docket entry no. 300), have responded. Mr. Amato now argues that the Government improperly "took a large sum from the sale of [his] home" and asks the Court to consider his age, limited means, and health issues in evaluating his request "that [his] last few years of restitution be a reasonable, fixed amount and that [he is] taken out of TOP." (Id.)

<u>The Treasury Offset Program ("TOP")</u>

As explained in the Court's March 28, 2025 and May 9, 2025 Orders, the Court has found that Mr. Amato's restitution debt was appropriately placed in TOP following a series of delinquent payments. (Docket entry no. 297; <u>see also</u> docket entry no. 294 (Order noting that FLU's final administrative decision was to maintain Mr. Amato's restitution debt in the TOP and continue garnishing 10% of his social security payments and withholding the entirety of his federal and state tax refunds); docket entry no. 296 (Government status report asserting the legal and factual basis for referral of Mr. Amato's delinquent debt to the TOP).)

Mr. Amato now proffers a letter from the Government, dated October 2, 2017, establishing monthly payments of $331 through the end of 2017 and notifying him that, "[a]t the end of that time, [the Government] will review [Mr. Amato's] financial status, and may adjust [his] monthly payments accordingly." (Docket entry no. 301-1 (attachment to August 2025 Letter).) Mr. Amato asserts that he has adhered to that payment plan. As noted in the letter and per the plan set forth in the Amended Judgment, (docket entry no. 242), however, the Government subsequently adjusted the monthly dollar amount Mr. Amato owed to reflect ten percent of his updated gross monthly income. (<u>See, e.g.</u>, docket entry no. 296 ("[Mr. Amato's] monthly income is $5,401.00 such that he should have been paying $540 per month.").) The fact Mr. Amato now proffers—that he adhered to a 2017 payment schedule requiring payments far below what was actually required in subsequent years and, as such, consistently underpaid—further supports the Court's finding that Mr. Amato's restitution debt was properly placed in the TOP. Accordingly, Mr. Amato has failed to proffer legal or factual information that would provide appropriate grounds for reconsideration of that determination.

Inclusion of IRA and Social Security Disbursements

The Court has explained several times that disbursements from Mr. Amato's IRAs are included in the computation of his restitution obligation. (See, e.g., docket entry nos. 270; 277). Contrary to Mr. Amato's assertions, (August 2025 Letter 1), the Government does not alter the payment schedule ordered by the Court by including Mr. Amato's IRA and Social Security income in its calculations. The Court previously denied Mr. Amato's request to exclude his IRA distributions, (docket entry nos. 270; 277), and does so again now.

End date of restitution obligation

A defendant's liability to pay restitution terminates 20 years after his release from imprisonment. 18 U.S.C. § 3613(b). Mr. Amato argues that his restitution obligation should end in May 2028 because he was released from a halfway house in May 2008. (August 2025 Letter 3.) The period of imprisonment is determined by the Bureau of Prisons (the "BOP") and can include a period during which the BOP placed a person on home confinement. 18 U.S.C. § 3624. According to the BOP, Mr. Amato remained in its custody until May 11, 2009. (Bureau of Prisons, Inmate Locator for BOP Register No. 50730-054, *available at* www.bop.gov/inmateloc/ (last visited August 13, 2025).) Accordingly, Mr. Amato's liability to pay restitution will expire on May 11, 2029, 20 years after the expiration of his term of imprisonment. See 18 U.S.C. §3624(a). (See also docket entries no. 293 (Government response to Mr. Amato explaining calculation of his restitution expiration date); 300 (same).)

Proceeds of home liquidation

On June 21, 2016, the Court ordered Defendant to pay ten percent (10%) of the net proceeds from the liquidation of his residence (such percentage amounting to approximately $27,283.68) towards his restitution obligation. (Docket entry no. 284.) The Order, pursuant to

18 U.S.C. § 3664(k) and as provided for in the Amended Judgment, adjusted the payment schedule due to a material change in Mr. Amato's economic circumstances that increased his ability to pay restitution. The Court has previously explained the basis of this Order to Mr. Amato. (Docket entry no. 289.)

<u>Consideration of age</u>

Mr. Amato now requests that, in consideration of his age, limited means, and health issues, his restitution payment obligation be reduced to a "fixed, reasonable amount." (August 2025 Letter 3.) Once again, none of the circumstances in which ameliorative modification of a restitution order may occur is presented here. <u>United States v. Kyles</u>, 601 F.3d 78, 83 (2d Cir. 2010) ("It is well-established that a district court may not alter an imposed sentence [including a restitution obligation], except in narrow circumstances[.]").

The Court will not explain these matters for Mr. Amato again. He should consult an attorney if he has further questions.

The Clerk of Court is directed to mail a copy of this Order to Mr. Amato at the address listed below.

SO ORDERED.

Dated: New York, New York
       August 14, 2025

                                              /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

Mail to:

Mr. Joseph S. Amato
29-4 Tamaron Drive
Waldwick, NJ 07463